Barnard, P. J.
The question of the execution of the will proposed for probate should go to a jury. The testator was 89 years of age, and had become, in addition to the ordinary infirmities of age, very weak from a cancer of long standing. He was confined to his bed, when it is alleged the will was signed, and he died a little over two months thereafter. He had made a will in 1883, carefully giving the instructions himself to a stranger to the family, which had been executed in due form. On the 8th of April, 1886, this paper was signed .by testator. The instructions for its preparation were given by one of his sons, James Totten, to the draughtsman, and the will was drawn upon consultation with another son, Elsie Totten. The will so drawn was taken a little after dark to testator, and he was told that it was like the old will, except the legacy to George Totten, another son, and one of the executors. This old will is not produced, and, under the surroundings of the case, is a very damaging fact. It was in the possession of proponents. The proof of capacity of testator to understand the will is unsatisfactory. The will mentions the name of Baltus Totten in the fourth clause, in the sixth clause, and in the seventh and eighth clauses. Ajjer the will was read over to the old man, according to one witness, and after the reading was “nearly finished,” according to the others, the testator asked, “Is Baltus’ name mentioned?” Apart from this, there is not a word spoken, except, “All right,” when “the section” was read over again. The other witness states that the testator said, “All right,” in reply to a question put to him in respect to iiis wish to have the witnesses sign. During the last month of his life the testator had been often stupid and apathetic, and at times delirious. The attending physician testified that he had not in his opinion at the date of the will sufficient capacity to understand the will, although generally coherent. Other physicians, who testify as experts, give the same opinion. The testimony generally, given as to capacity, does not reach the time of its execution, and the will is at war with previous declarations of his intent. The order admitting the will should be reversed, and the issues be sent to a jury of Suffolk county.
Dykman and Pratt, JJ., concur.